**Daniel A. Rayfield**, OSB# 06479
Email: dan@nelsonandmacneil-law.com
Nelson and MacNeil, P.C.
213 Water Ave. NW, Suite 100
Albany, OR 97321
Phone: (541) 928-9147
Fax: (541) 928-3621
Of Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **LARRY K. WARREN,**<br><br>**Plaintiffs,**<br><br>vs.<br><br>**CONMED, Inc., a foreign corporation; ROBERT TILLEY, M.D., an individual; LINN COUNTY, a municipal corporation; and TIM MUELLER, an individual,**<br><br>**Defendants.** | Case No. 11-6263-TC<br><br>**COMPLAINT**<br>*(Civil Rights/Negligence/ Outrageous Conduct)*<br><br>**DEMAND FOR JURY TRIAL** |

## I.

## INTRODUCTION

1.     Pursuant to 42 USC §1983, Plaintiff Larry Warren alleges that Defendants violated his 8th Amendment rights, as incorporated by the 14th Amendment, by acting with deliberate indifference to his serious medical needs.  Plaintiff Larry Warren also makes claims under state law against Defendants for negligence and outrageous conduct.

2.      Plaintiff Larry Warren seeks an award of punitive damages to deter Defendants from engaging in these actions in the future.

## II.

### JURISDICTION

3.      This Court has jurisdiction over Plaintiff Larry Warren's claims by virtue of 28 USC §§1331, 1343, and 1367.

## III.

### PARTIES

4.      At all material times herein, Plaintiff Larry K. Warren ("Mr. Warren") was a resident of Linn County in the state of Oregon.

5.      At all material times herein, Defendant CONMED, Inc. ("CONMED") was and is a Maryland corporation, authorized to do business in the state of Oregon. CONMED's primary business in Oregon is providing medical services to county jail facilities.

6.      At all material times herein, Defendant Robert Tilley, M.D. ("Dr. Tilley") was and is an emergency room physician authorized to practice in Oregon.

7.      At all material times herein, Defendant Linn County ("Linn County") was and is a municipal corporation of the state of Oregon, operating Linn County Jail in Albany, Oregon.

8.      At all material times herein, Defendant Tim Mueller ("Sheriff Mueller") was and is the Sheriff of Linn County, the individual responsible for the care and custody of Linn County Jail inmates.

9.      At all material times herein, Defendant CONMED, pursuant to a contract entered into with Linn County, was responsible for providing medical care to persons lodged in the Linn County Jail.  CONMED assigned Dr. Tilley to be the primary physician responsible for fulfilling CONMED's obligations under the contract with Linn County.

10.     At all material times herein, Dr. Tilley, CONMED's regional vice-president, was CONMED's sole policy maker in Oregon.

## IV.

## FACTS

11.     At all material times herein, Defendants acted under color of state law.

12.     Klonopin is a benzodiazepine drug prescribed to individuals that suffer from various mental health problems such as anxiety or panic disorder.  Klonopin is a Schedule IV controlled substance.

13.     Klonopin, like other benzodiazepines, has numerous potential withdrawal symptoms including behavioral disorder, seizures, hallucinations, suicidal ideation, and even death.

14.     Withdrawal symptoms from Klonopin become more severe when the individual discontinuing use of Klonopin has been using alcohol prior to discontinuation.

15.     The "Medication Guide" for Klonopin that can be found on the manufacturer's and Federal Drug Administration's website warns readers two times within the first nine lines of the document that "stopping Klonopin suddenly can cause serious problems."

Page 3 of 23 - COMPLAINT

16.     Mr. Warren was initially prescribed Klonopin to cope with a high level of anxiety. He had an active prescription and had been taking Klonopin for over a year at the time he was taken into the custody and care of the Linn County Jail on September 1, 2009. Mr. Warren's prescribed dose of Klonopin was 1mg twice daily.

17.     The Physicians Desk Reference and manufacturer recommend that "after extended therapy, abrupt discontinuation (of Klonopin) should be avoided and a gradual dosage tapering followed." They further recommend that, "treatment (of Klonopin) should be discontinued gradually, with a decrease of 0.125 mg bid (twice daily) every 3 days, until the drug is completely withdrawn." Under a discontinuation schedule of .0125 bid every three days, an individual prescribed 1 mg twice daily, would be weaned off of Klonopin in 21 days.

18.     On September 1, 2009, Mr. Warren was taken into the custody and care of the Linn County Jail on a parole violation and a citation for littering.

19.     Within several hours of being taken into the custody and care of the Linn County Jail, a Linn County booking officer evaluated Mr. Warren's medical condition, conducted an interview with Mr. Warren, and filled out an "Inmate Medical Screening" form. The booking officer noted the following:

        a.     Mr. Warren had current prescriptions for Klonopin and Prozac;

        b.     Mr. Warren was currently being treated by Dr. Vandiver, a psychiatrist at the Linn County Mental Health Department;

        c.     Mr. Warren had a history of alcohol and prescription drug abuse; and

d.      Mr. Warren had used alcohol and/or prescription medication the night before.

20.     On September 1, 2009, Mr. Warren's first day in the custody and care of the Linn County Jail, he was not given the mental health medications Klonopin and Prozac.

21.     On September 2, 2009, the Linn County Jail staff and CONMED received Mr. Warren's medical records from Linn County Mental Health indicating current prescriptions issued by Mr. Warren's treating psychiatrist for Klonopin and Prozac.

22.     On September 2, 2009, Mr. Warren's second day in the custody and care of the Linn County Jail, he was not given the mental health medications Klonopin and Prozac.

23.     On September 3, 2009, Dr. Tilley, acting within the course and scope of his employment with CONMED, prescribed Mr. Warren Prozac and refused to prescribe him Klonopin. Dr. Tilley's decisions were not based on Mr. Warren's medical needs; rather, the decisions were based on the following policies, customs, and practices of Dr. Tilley, CONMED, Sheriff Mueller, and Linn County:

a.      Refusing to prescribe benzodiazepines to Linn County Jail inmates regardless of their medical needs;

b.      Making treatment decisions without significant direct contact with patients or their treatment providers;

c.      Assuming pre-incarceration diagnoses of inmate's mental illnesses are inaccurate;

d. Disregarding mental health medication decisions made by an inmate's previous treating psychiatrist;

e. Not seeking psychiatric and/or psychological examinations and recommendations within a reasonable time for inmates with current prescriptions for mental health medication; and

f. Minimizing expenditures made on behalf of inmates at the Linn County Jail.

24. Even though Prozac had been prescribed, on September 3, 2009, Mr. Warren's third day in the custody and care of the Linn County Jail, he was not given the mental health medications Klonopin and Prozac.

25. On September 4, 2009, Mr. Warren requested in writing on an "Inmate Request Form" that the he be given his mental health medications of Klonopin and Prozac. He received a response stating: "The prescriber ordered Prozac. It should be here today. No Klonopin ordered."

26. On September 4, 2009, Mr. Warren's fourth day in the custody and care of the Linn County Jail, he was not given the mental health medications Klonopin or Prozac.

27. As a direct result of being denied his prescribed medications of Klonopin and Prozac by the Defendants, Mr. Warren suffered severe withdrawal symptoms while in the custody and care of the Linn County Jail. These symptoms included: increased paranoia, increased anxiety, increased depression, hallucinations, suicidal ideation, and suicide attempt.

28. On September 4, 2009, Mr. Warren's fourth day in the custody and care of the Linn County Jail and the fourth day being denied his prescribed medications of

Page 6 of 23 - COMPLAINT

Klonopin and Prozac, he attempted to take his life by flinging himself head first off a second-story railing onto the concrete floor of the Linn County Jail.

29.     Prior to September 4, 2009, Mr. Warren had never before attempted to take his life.

30.     While in the custody and care of the Linn County Jail from September 1, 2009 to September 4, 2009, Mr. Warren was never seen or evaluated by a psychologist or psychiatrist.

31.     Following Mr. Warren's suicide attempt, he was taken to Good Samaritan Regional Medical Center and was subsequently released from the custody and care of the Linn County Jail.   While at the hospital, Mr. Warren was evaluated and given his prescribed medications of Klonopin and Prozac.

32.     As a direct result of being denied Klonopin and Prozac by Defendants, Mr. Warren suffered severe withdrawal symptoms and subsequently attempted to take his own life.   In doing so, he sustained severe, permanent physical injuries consisting of:

> a.     Epidural Hematoma – Traumatic Brain Injury;
>
> b.     Basilar Skull Fracture;
>
> c.     Zygomatic Arch Fracture;
>
> d.     Compression Fracture of the C7 Cervical Vertebrae;
>
> e.     Multiple Rib Fractures;
>
> f.     Monteggia Fracture and Proximal Comminuted Fracture of the Right Ulna;
>
> g.     Galeazzi Fracture and Comminuted Distal Radius Fracture of the Left Radius;

Page 7 of 23 - COMPLAINT

h.   Right Olecranon Fracture;

i.   Scalp Lacerations;

j.   Ulnar Impacted Syndrome of the Left Wrist;

k.   Radiolunate Arthritis;

l.   Methicillin-Resistant Staphylococcus Aureus Infection (MRSA); and

m.   Cervical, Thoracic, and Lumbar Strains and Sprains.

33.   Mr. Warren resumed taking his prescribed medications of Klonopin and Prozac on or about September 5, 2009.

34.   Within months after his suicide attempt (exact dates to be amended after discovery), while he was still recovering from his injuries, Mr. Warren was taken into custody on a parole violation and again housed at the Linn County Jail.

35.   During Mr. Warren's subsequent stay at the Linn County Jail (exact dates to be amended after discovery), Dr. Tilley, acting within the course and scope of his employment with CONMED, again refused to prescribe Klonopin to Mr. Warren. Dr. Tilley's decisions were not based on Mr. Warren's medical needs; rather, the decisions were based on the policies, customs, and practices of Dr. Tilley, CONMED, Sheriff Mueller, and Linn County:

a.   Refusing to prescribe benzodiazepines to Linn County Jail inmates regardless of their medical needs;

b.   Making treatment decisions without significant direct contact with patients or their treatment providers;

Page 8 of 23 - COMPLAINT

c.    Assuming pre-incarceration diagnoses of inmate's mental illnesses are inaccurate;

d.    Disregarding mental health medication decisions made by an inmate's previous treating psychiatrist;

e.    Not seeking psychiatric and/or psychological examinations and recommendations within a reasonable time for inmates with current prescriptions for mental health medication; and

f.    Minimizing expenditures made on behalf of inmates at the Linn County Jail.

36.    Instead of prescribing Mr. Warren Klonopin or gradually discontinuing its use, Mr. Warren was placed on suicide watch and housed in a cell on the first floor of the jail near the location where he attempted to kill himself. From his cell, Mr. Warren could see the bloodstained floor where his body once laid after he jumped from the second-story balcony.

37.    As a direct result of being denied Klonopin a second time and being placed near the site of his suicide attempt by the Defendants during his subsequent stay at the Linn County Jail (exact dates to be amended after discovery), Mr. Warren suffered severe emotional trauma and withdrawal symptoms while in the custody and care of the Linn County Jail. These symptoms included: increased paranoia, increased anxiety, and increased depression.

38.    On each occasion described above when Mr. Warren was housed at the Linn County Jail, Dr. Tilley, CONMED, Linn County, and Sheriff Mueller had knowledge that Dr. Tilley's failure to administer appropriate mental health medication

Page 9 of 23 - COMPLAINT

would result in pain and suffering and withdrawal symptoms up to and including suicidal ideation and suicide attempt.

39.     As of September 1, 2009, CONMED, Linn County, and Sheriff Mueller knew or had reason to know that Dr. Tilley had a history and a propensity for violating inmate's 8th Amendment rights by acting with deliberate indifference to their serious medical needs.

40.     In knowing or having reason to know about Dr. Tilley's propensity to treat the serious medical needs of inmates with deliberate indifference, CONMED, Linn County, and Sheriff Mueller were deliberately indifferent to the well-established constitutional rights of Mr. Warren and other Linn County Jail inmates.

41.     CONMED, Linn County, and Sheriff Mueller failed and refused to protect Mr. Warren and other inmates from the unconstitutional conduct of Dr. Tilley by not taking the necessary and appropriate steps to prevent Mr. Warren and other inmates from being subjected to such conduct, and thereby supported, condoned, and ratified Dr. Tilley's policies, customs, practices, and conduct as described in paragraphs 23, 35, and 39. CONMED, Linn County, and Sheriff Mueller knew or should have known that such necessary and appropriate steps at the very least would have included:

    a.     Timely and appropriate training;

    b.     Timely and appropriate reviews of performance;

    c.     Timely and appropriate discipline;

    d.     Timely and appropriate termination;

Page 10 of 23 - COMPLAINT

e.     The implementation of an effective early warning system to prevent individuals, such as Dr. Tilley, from repeatedly acting with deliberate indifference towards inmate's serious medical needs;

f.     The implementation of a review system to review the decisions or monitor the quality of medical services provided to Linn County Jail inmates.

g.     The implementation and operation of a thorough and independent review system to investigate the complaints of inmates when allegations regarding a lack of medical treatment are brought to the attention of CONMED, Linn County, and Sheriff Mueller; and

h.     Assessing and ensuring that all staff maintain sufficient competency to perform their duties.

42.     As described in paragraphs 38 through 41 above, the inaction and deliberate indifference of CONMED, Linn County, and Sheriff Mueller in the face of the known risks posed by the actions of Dr. Tilley constitute an official and well-established practice of CONMED, Linn County, and Sheriff Mueller.

43.     As a result of the conduct described in paragraphs 38 through 42 above, Dr. Tilley knew or had reason to know that he could, with impunity, act with deliberate indifference towards the serious medical needs of Linn County Jail inmates.

44.     Dr. Tilley acted with a conscious disregard for Mr. Warren's constitutional rights. In addition, Dr. Tilley's conduct was wanton, reckless and in disregard of Mr. Warren's well-established constitutional rights.

V.

**FIRST CLAIM FOR RELIEF**

**(42 USC §1983 – 8th Amendment Violation)**

45.     As applicable, Mr. Warren incorporates the above.

46.     As described above, from September 1, 2009 to September 4, 2009, Dr. Tilley and Sheriff Mueller violated Mr. Warren's right not to be subjected to deliberate indifference with respect to his serious medical needs, as guaranteed by the 8th Amendment to the United States Constitution.

47.     As described above, from September 1, 2009 to September 4, 2009, one or more of CONMED's and Linn County's policies, official and well-established practices, or acts caused the violation of Mr. Warren's right not to be subjected to deliberate indifference with respect to his serious medical needs, as guaranteed by the 8th Amendment to the United States Constitution.

48.     As described above, and as a direct result of the actions and inactions of Dr. Tilley, CONMED, Sheriff Mueller, and Linn County, Mr. Warren has or will incur the following economic damages:

a.     Reasonable and necessary medical expenses in the amount of $162,316.14; and

b.     Future medical expenses in an amount to be determined at trial.

49.     As described above, and as a direct result of the actions and inactions of Dr. Tilley, CONMED, Sheriff Mueller, and Linn County, Mr. Warren has endured and suffered permanent physical injury, physical disability, physical distress, emotional distress, and inconvenience and interference with normal and usual activities. As such,

Mr. Warren is entitled to an award of noneconomic damages in the amount of $1,000,000.00.

50.     As a result of the above, Mr. Warren is entitled to an award of punitive damages against CONMED and Dr. Tilley in the amount of $2,000,000.00 to deter them from engaging in the above-referenced actions in the future.

51.     Mr. Warren should be awarded his attorney fees and litigation expenses/costs against Defendants pursuant to 42 USC §1988.

## VI.

### SECOND CLAIM FOR RELIEF

### (42 USC §1983 – 8th Amendment Violation)

52.     As applicable, Mr. Warren incorporates the above.

53.     As described above, during Mr. Warren's subsequent stay at the Linn County Jail (exact dates to be amended after discovery), Dr. Tilley and Sheriff Mueller violated Mr. Warren's right not to be subjected to deliberate indifference with respect to his serious medical needs, as guaranteed by the 8th Amendment to the United States Constitution.

54.     As described above, during Mr. Warren's subsequent stay at the Linn County Jail (exact dates to be amended after discovery), one or more of CONMED's and Linn County's policies, official and well-established practices, or acts caused the violation of Mr. Warren's right not to be subjected to deliberate indifference with respect to his serious medical needs, as guaranteed by the 8th Amendment to the United States Constitution.

55.    As described above, and as a direct result of the actions and inactions of Dr. Tilley, CONMED, Sheriff Mueller, and Linn County, Mr. Warren endured and suffered physical and emotional distress. As such, Mr. Warren is entitled to an award of noneconomic damages in the amount of $30,000.00.

56.    As a result of the above, Mr. Warren is entitled to an award of punitive damages against CONMED and Dr. Tilley in the amount of $1,000,000.00 to deter them from engaging in the above-referenced actions in the future.

57.    Mr. Warren should be awarded his attorney fees and litigation expenses/costs against Defendants pursuant to 42 USC §1988.

## VII.

## THIRD CLAIM FOR RELIEF

### (Count 1 – Negligence)

58.    As applicable, Mr. Warren incorporates the above.

59.    Mr. Warren has given Linn County timely written notice of his state law claim for negligence and has satisfied the notice requirements of the Oregon Tort Claims Act.

60.    From September 1, 2009 through September 4, 2009, Dr. Tilley, CONMED, Sheriff Mueller, and Linn County were negligent in one or more of the following particulars:

        a.    In failing to prescribe Mr. Warren Klonopin;

        b.    In failing to slowly taper Mr. Warren's dose of Klonopin as recommended by the Physicians Desk Reference and manufacturer;

c.  In failing to prescribe and administer Prozac to Mr. Warren within a reasonable amount of time;

d.  Making treatment decisions without significant direct contact with Mr. Warren or his treatment providers;

e.  Disregarding mental health medication decisions made by Mr. Warren's previous treating psychiatrist;

f.  Not seeking psychiatric and/or psychological examinations and recommendations for Mr. Warren within a reasonable amount of time due to his current prescriptions for mental health medication;

g.  In failing to monitor and evaluate Mr. Warren during his withdrawal from Klonopin;

h.  In failing to supervise Dr. Tilley, or monitor the quality of his medical decisions;

i.  In abdicating all responsibility to Dr. Tilley and CONMED to treat Linn County inmates with no supervision;

j.  In failing to administer timely and appropriate training;

k.  In failing to administer timely and appropriate reviews of performance;

l.  In failing to administer timely and appropriate discipline;

m.  In failing to administer timely and appropriate termination;

n.  In failing to implement an effective early warning system to prevent individuals, such as Dr. Tilley, from repeatedly acting with deliberate indifference towards inmate's serious medical needs;

Page 15 of 23 - COMPLAINT

o.    In failing to implement a review system and review the decisions or monitor the quality of medical treatment provided to Linn County Jail inmates;

p.    In failing to implement and operate a thorough and independent review system to investigate the complaints of inmates when allegations regarding lack of medical treatment are brought to the attention of CONMED, Linn County, or Sheriff Mueller; and

q.    In failing to assess and ensure that all staff maintain sufficient competency to perform their duties.

61.    As described above, and as a direct result of the actions and inactions of Dr. Tilley, CONMED, Sheriff Mueller, and Linn County, Mr. Warren has or will incur the following economic damages:

a.    Reasonable and necessary medical expenses in the amount of $162,316.14; and

b.    Future medical expenses in an amount to be determined at trial.

62.    As described above, and as a direct result of the actions and inactions of Dr. Tilley, CONMED, Sheriff Mueller, and Linn County, Mr. Warren has endured and suffered permanent physical injury, physical disability, physical distress, emotional distress, and inconvenience and interference with normal and usual activities. As such, Mr. Warren is entitled to an award of noneconomic damages in the amount of $1,000,000.00.

## (Count 2 – Outrageous Conduct)

63.     As applicable, Mr. Warren incorporates the above.

64.     Mr. Warren has given Linn County timely written notice of his state law claim for outrageous conduct and has satisfied the notice requirements of the Oregon Tort Claims Act.

65.     The actions of Dr. Tilley, CONMED, Linn County, and Sheriff Mueller from September 1, 2009 to September 4, 2009 were outrageous and outside the accepted societal norms in that Defendants refused to prescribe Klonopin to Mr. Warren knowing the following:

> a.     That Klonopin stabilized Mr. Warren's anxiety;
>
> b.     That their refusal to prescribe or taper the dose of Klonopin was contrary to standard practice, the recommendations of the Physicians Desk Reference, and the recommendations of the manufacturer;
>
> c.     That their refusal to prescribe or taper the dose of Klonopin would cause Mr. Warren mental pain and suffering;
>
> d.     That their refusal to prescribe or taper the dose of Klonopin to Mr. Warren would create a substantial risk of serious withdrawal symptoms up to and including suicidal ideation and suicide attempt given his prolonged use of Klonopin, recent use of alcohol, and history of alcohol and prescription drug abuse; and

Page 17 of 23 - COMPLAINT

        e.       That their refusal to prescribe mental health medication in the past during similar situations had caused prior inmates to endure mental pain and suffering.

66.    Additionally, the actions of Linn County from September 1, 2009, to September 4, 2009, were outrageous and outside of accepted societal norms in that knowing the facts set forth in paragraph 65 they:

        a.       Abdicated all responsibility to Dr. Tilley and CONMED to treat Linn County Jail inmates; and

        b.       Took no action to investigate Dr. Tilley's performance, create a quality assurance review, provide appropriate training, or terminate its contract.

67.    As described above, and as a direct result of the actions and inactions of Dr. Tilley, CONMED, Linn County, and Sheriff Mueller, Mr. Warren has or will incur the following economic damages:

        a.       Reasonable and necessary medical expenses in the amount of $162,316.14; and

        b.       Future medical expenses in an amount to be determined at trial.

68.    As described above, and as a direct result of the actions and inactions of Dr. Tilley, CONMED, Linn County, and Sheriff Mueller, Mr. Warren has endured and suffered permanent physical injury, physical disability, physical distress, emotional distress, and inconvenience and interference with normal and usual activities. As such, Mr. Warren is entitled to an award of noneconomic damages in the amount of $1,000,000.00.

## VIII.

### FOURTH CLAIM FOR RELIEF

#### (Count 1 – Negligence)

69.     As applicable, Mr. Warren incorporates the above.

70.     Mr. Warren has given Linn County timely written notice of his state law claim for negligence and has satisfied the notice requirements of the Oregon Tort Claims Act.

71.     During Mr. Warren's subsequent stay at the Linn County Jail (exact dates to be amended after discovery), Dr. Tilley, CONMED, Sheriff Mueller, and Linn County were negligent in one or more of the following particulars:

   a.     In failing to prescribe Mr. Warren Klonopin;

   b.     In failing to slowly taper Mr. Warren's dose of Klonopin as recommended by the Physicians Desk Reference and manufacturer;

   c.     In failing to prescribe and administer Prozac to Mr. Warren within a reasonable amount of time;

   d.     Making treatment decisions without significant direct contact with Mr. Warren or his treatment providers;

   e.     Disregarding mental health medication decisions made by Mr. Warren's previous treating psychiatrist;

   f.     Not seeking psychiatric and/or psychological examinations and recommendations for Mr. Warren within a reasonable amount of time due to his current prescriptions for mental health medication;

g.    In failing to monitor and evaluate Mr. Warren during his withdrawal from Klonopin;

h.    In failing to supervise Dr. Tilley, or monitor the quality of his medical decisions;

i.    In abdicating all responsibility to Dr. Tilley and CONMED to treat Linn County inmates with no supervision;

j.    In failing to administer timely and appropriate training;

k.    In failing to administer timely and appropriate reviews of performance;

l.    In failing to administer timely and appropriate discipline;

m.    In failing to administer timely and appropriate termination;

n.    In failing to implement an effective early warning system to prevent individuals, such as Dr. Tilley, from repeatedly acting with deliberate indifference towards inmate's serious medical needs;

o.    In failing to implement a review system and review the decisions or monitor the quality of medical treatment provided to Linn County Jail inmates;

p.    In failing to implement and operate a thorough and independent review system to investigate the complaints of inmates when allegations regarding lack of medical treatment are brought to the attention of CONMED, Linn County, or Sheriff Mueller; and

q.    In failing to assess and ensure that all staff maintain sufficient competency to perform their duties.

Page 20 of 23 - COMPLAINT

72.     As described above, and as a direct result of the actions and inactions of Dr. Tilley, CONMED, Sheriff Mueller, and Linn County, Mr. Warren endured and suffered physical and emotional distress. As such, Mr. Warren is entitled to an award of noneconomic damages in the amount of $30,000.00.

### (Count 2 – Outrageous Conduct)

73.     As applicable, Mr. Warren incorporates the above.

74.     Mr. Warren has given Linn County timely written notice of his state law claim for outrageous conduct and has satisfied the notice requirements of the Oregon Tort Claims Act.

75.     The actions of Dr. Tilley, CONMED, Linn County, and Sheriff Mueller during Mr. Warren's subsequent stay at the Linn County Jail (exact dates to be amended after discovery), were outrageous and outside the accepted societal norms in that Defendants refused to prescribe Klonopin to Mr. Warren knowing the following:

    a.      That Klonopin stabilized Mr. Warren's anxiety;

    b.      That their refusal to prescribe or taper the dose of Klonopin was contrary to standard practice, the recommendations of the Physicians Desk Reference, and the recommendations of the manufacturer;

    c.      That their refusal to prescribe or taper the dose of Klonopin would cause Mr. Warren mental pain and suffering;

    d.      That their refusal to prescribe or taper the dose of Klonopin to Mr. Warren would create a substantial risk of serious withdrawal symptoms up to and including suicidal ideation and suicide attempt

Page 21 of 23 - COMPLAINT

given his prolonged use of Klonopin, recent use of alcohol, and history of alcohol and prescription drug abuse; and

e.  That their refusal to prescribe mental health medication in the past during similar situations had caused prior inmates to endure mental pain and suffering.

76.  Additionally, the actions of Linn County during Mr. Warren's subsequent stay at the Linn County Jail (exact dates to be amended after discovery), were outrageous and outside of accepted societal norms in that knowing the facts set forth in paragraph 75 they:

a.  Abdicated all responsibility to Dr. Tilley and CONMED to treat Linn County Jail inmates; and

b.  Took no action to investigate Dr. Tilley's performance, create a quality assurance review, provide appropriate training, or terminates its contract.

77.  As described above, and as a direct result of the actions and inactions of Dr. Tilley, CONMED, Linn County, and Sheriff Mueller, Mr. Warren endured and suffered physical and emotional distress. As such, Mr. Warren is entitled to an award of noneconomic damages in the amount of $30,000.00.

## IX.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Warren prays for judgment against Defendants as follows:

1.  Assume jurisdiction in this matter over Mr. Warren's claims;

2.      For Mr. Warren's first and third claims for relief, an award of $162,316.14 in economic damages, $1,000,000.00 in noneconomic damages, and $2,000,000.00 in punitive damages;

3.      For Mr. Warren's second and fourth claims for relief, an award of $30,000.00 in noneconomic damages, and $1,000,000 in punitive damages;

4.      Award Mr. Warren his attorney fees and litigation expenses/costs against Defendants in accordance with the allegations set forth above; and

5.      Grant such other relief as this Court deems just and proper.

PLAINTIFF DEMANDS A JURY TRIAL

DATED this 23rd day of August, 2011.

NELSON AND MACNEIL, P.C.

Daniel A. Rayfield, OSB #06479
Of Attorneys for Plaintiff
TEL: 541-928-9147
FAX: 541-928-3621
E-Mail: dan@nelsonandmacneil-law.com

TRIAL ATTORNEY:
Daniel A. Rayfield, OSB #06479